299 P.2d 755

The STATE of Idaho, on relation of Ruth G. MOON, Treasurer of the State of Idaho, Petitioner-Respondent,

v.

A. B. JONASSON, as Secretary of the Department of Commerce and Development of the State of Idaho; Roscoe C. Rich, David P. Jones and Leonard K. Floan, Directors of the Idaho Board of Highway Directors of the State of Idaho; E. V. Miller, State Highway Engineer, and Wayne Summers, Secretary of the Idaho Board of Highway Directors, Respondents,

A. B. Jonasson, as Secretary of the Department of Commerce and Development of the State of Idaho, Appellant.

No. 8449.

Supreme Court of Idaho.

July 10, 1956.

206

Graydon W. Smith, Atty. Gen., Elbert E. Gass, T. J. Jones, III, Asst. Attys. Gen., for appellant.

J. F. Martin, C. Ben Martin and Chas. E. Winstead, Boise, for respondent.

KEETON, Justice.

The Legislature, by Chapter 234, 1955 S.L. created a Department of Commerce and Development. Among other things, the purpose of such Department is to advertise the State, its resources and tourist attractions. Sec. 6, of said Act in part provides:

"There is hereby transferred and appropriated to the Idaho Development and Publicity Fund the following sums of money:

"From the Highway Fund for the purpose of advertising the highways of the State of Idaho and encouraging travel thereon and thus creating revenue to the said fund.......$50,000.00."

A. B. Jonasson, appellant here, is secretary of said Department so created. He made demand on the State Treasurer, Ruth G. Moon, respondent here, to transfer from said Highway Fund to the Idaho Development and Publicity Fund, said sum so appropriated. She refused on the ground that the portion of said Sec. 6, transferring said sum of $50,000 from the Highway Fund, is unconstitutional, contending the same is in direct conflict with Sec. 17, Art. VII of the Idaho Constitution, which reads:

"On and after July 1, 1941 the proceeds from the imposition of any tax on gasoline and like motor vehicle fuels sold or used to propel motor vehicles upon the highways of this state and from any tax or fee for the registration of motor vehicles, in excess of the necessary costs of collection and administration and any refund or credits authorized by law, shall be used exclusively for the construction, repair, maintenance and traffic supervision of the public highways of this state and the payment of the interest and principal of obligations incurred for said purposes; and no part of such revenues shall, by transfer of funds or otherwise, be diverted to any other purposes whatsoever."

Mrs. Moon, as State Treasurer, brought this action seeking judicial determination by way of declaratory judgment of the constitutionality of that portion of the Act transferring said $50,000 from the State Highway Fund to the Idaho Development and Publicity Fund.

The facts were stipulated and the Honorable M. Oliver Koelsch, District Judge, held that Sec. 6, of Ch. 234, 1955 S.L., insofar as it attempts to transfer and appropriate to the Idaho Development and Publicity Fund, the sum of $50,000 from State Highway Fund, is invalid and unconstitutional in that it attempts to use tax or other State funds for a purpose entirely contrary to and in conflict with the plain and unambiguous restrictions and limitations imposed by Sec. 17, Art. VII of the Idaho Constitution.

A. B. Jonasson, secretary of the Department of Commerce and Development of the State of Idaho, appealed to this Court from the judgment so entered.

■ Appellant contends that the Act here attacked is constitutional; that monies paid into the Highway Fund from sources other than tax on gasoline, motor vehicle fuels, fees for registration of motor vehicles, and not covered by the language of Sec. 17, Art. VII of the Constitution are sufficient to pay the $50,000 appropriated; that Mrs. Moon could and should have paid the money to appellant from these other sources of revenue; that advertising the State highways by publication and the distribution of road maps, booklets, photographs or other means, falls within the terms "maintenance" and "administration"; that such advertising would increase the revenue of the Highway Fund.

The Act attempting to transfer $50,000 to the Idaho Development and Publicity Fund by the legislative enactment here attacked, does not say that the sum of money appropriated is to be paid from funds not included in the constitutional provision. The Legislature did not make the appropriation from funds other than the revenue received from tax on gasoline and motor vehicles, or other revenue, dedicated by the Constitution to be used only for particular purposes.

The fund in the treasurer's office is not required to be, and is not segregated as to source.

To assert that only funds undedicated by the Constitution were intended by the Legislature to be appropriated, and that Mrs. Moon should have paid the sum appropriated from non-dedicated receipts would, in effect, make a judicial officer of the State Treasurer and require her to place a judicial construction and determination and meaning on the constitutional provision above quoted and the legislative enactment here attacked, and to judicially determine what funds, if any, might have been legally appropriated.

■ Nor does advertising the State and performing other duties of the Department of Commerce and Development come within the meaning of "administration" or "maintenance".

"Administration" and "maintenance" cannot be construed to warrant an appropriation from the Highway Fund wholly foreign to the purpose and wording of the Constitution.

■ The constitutional provision prohibiting the transferring of revenues specified therein to any other purpose than those enumerated is all inclusive; it was enacted by the people of the State. It is plain and unambiguous and is not subject to the construction contended for by appel-

lant. A statute or constitutional provision that is plain, clear and unambiguous speaks for itself and must be given the interpretation the language clearly implies. 50 Am. Jur. 204 to 214, Secs. 225 to 228; Preston A. Blair Co. v. Jensen, 49 Idaho 118, 286 P. 366; Koon v. Bottolfsen, 66 Idaho 771, 169 P.2d 345; State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007.

The only purpose for which the revenue specified in the constitutional provision may be used is for the necessary costs of collection and administration, refunds or credits authorized by law, construction, repair, maintenance, traffic supervision of the public highways of the State, payment of interest and principal of obligations incurred for the above provisions. Advertising the State is not within any of the categories above enumerated.

While the particular constitutional provision presented here for construction has not been formerly passed on by this or other courts, similar situations have been presented in numerous decisons. State ex rel. Wharton v. Babcock, 181 Minn. 409, 232 N.W. 718 held that a statute directing payment out of a trunk highway fund of damages resulting from negligence of the highway department in maintaining trunk highways was invalid as being in conflict with the provision of the constitution of Minnesota, Sec. 2, Art. 16, M.S.A., which provides that trunk highway funds shall be used solely for the location, construction, reconstruction, improvement and maintenance of the trunk highways of the state.

Likewise in Cory v. King, 209 Minn. 431, 296 N.W. 506, the Supreme Court of Minnesota held that revenues dedicated by the constitution solely for highway purposes could not be used to defray the general costs of government. To the same effect, see In re Opinion of Justices, 324 Mass. 746, 85 N.E.2d 761.

The people desire by the Constitution to prohibit the use of certain revenues for any purpose except as therein provided; to preserve and protect such revenue and fund, and make certain the money so collected from sources therein enumerated shall be used for the purposes specified therein and for no other purpose.

Where specific funds or revenue are dedicated to a particular purpose the same cannot be used for any other purpose, and any Act of the Legislature attempting to provide otherwise is unconstitutional. Roach v. Gooding, 11 Idaho 244, 81 P. 642.

Judgment affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.