467 P.2d 1

Joe R. WILLIAMS, State Auditor of the State of Idaho, and Marjorie Ruth Moon, State Treasurer, State of Idaho, Plaintiffs,

v.

Rulon SWENSEN, John Bastida, Jack Barney, Board of County Commissioners for the County of Ada, Marjorie Jonasson, County Treasurer, County of Ada, and Clarence A. Planting, County Auditor, County of Ada, Defendants.

No. 10589.

Supreme Court of Idaho.

March 26, 1970.

Robert M. Robson, Atty. Gen., Daniel A. Slavin, Deputy Atty. Gen., and Thomas A. Frost, Asst. Atty. Gen., Boise, for plaintiff.

Ellison M. Matthews, Pros. Atty., Ada County, Boise, for defendants.

SHEPARD, Justice.

This is an original proceeding wherein plaintiffs, officers of the State, seek mandamus to compel defendants, county officers of Ada County, to remit moneys collected by them from the licensing of motor vehicles. The facts are stipulated by the parties and indicate that the various counties of the State act as agents for the licensing of certain motor vehicles (I.C. § 49–107), and that all fees collected from such licensing procedures are required to be forwarded to the state treasurer. The defendants, officers of Ada County, did license certain vehicles and during the month of November, 1969 collected certain fees therefrom, which were remitted to the treasurer of the State of Idaho, with the exception of $7,281.00. The defendant county officers refused, and continue to refuse, to remit that amount to the state treasurer contending that $7,281.00 is a "charge for costs of collection and administration of registration of motor vehicles."

I.C. § 40–2211, provides:

"All moneys collected in any county of the state from the licensing of motor vehicles, trailers and semi-trailers, and from fines and penalties collected under the provisions of this chapter, shall be forwarded to the state treasurer, not later than the fifteenth day of the month following the calendar month in which such fees were collected. The state treasurer shall then pay the moneys thus collected into the state highway fund."

No question is raised by defendants as to the jurisdiction of this Court to entertain this action as an original proceeding nor is there any question regarding the applicability of the extraordinary writ of mandamus as a remedy in this action.

Considering solely I.C. § 40–2211, we might presume that the issue presented herein has been disposed of in the case of State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761 (1943). The Court therein had for decision a question similar to that presented in the case at bar. In *Wright* the legislature had delegated to the county sheriffs the duty of examining applicants for motor vehicle drivers' licenses. The county was required to collect a fee for such examination and to remit such collected funds to the State. The counties contended that placing additional duties on the sheriff was in contravention of the Constitution and that the counties should be permitted to charge an additional fee for the issuance of drivers' licenses since the duty of providing such examinations would otherwise constitute a financial burden on the counties.

The Court rejected the first contention on the basis that Art. 18, § 11, of the Constitution clearly authorizes the legislature to impose additional duties on county offices. The Court, in response to the second contention, stated:

"Conceding that the increased duties required of sheriffs have substantially increased the expenses of their office, without more positive and direct declaration in the amendatory acts than appear, such is not sufficient reason to conclude that the legislature intended to increase the cost of these license fees to drivers. *The provisions of the county budget law, sec. 30–1205, I.C.A., afford sufficient avenue of escape from lack of funds to finance the additional burden.*

"It may have been that the legislature considered that a saving would be made by reduction in the corresponding expenses in the department of law enforcement, as we note that the appropriation for that department in 1941 was some $611,264 as compared to $510,703 in 1943. While it might be considered unfair to make this saving as to state expenditures at the expense of the counties, the same was a matter for the legislature to consider and over which they had plenary power." (Emphasis supplied)

Parenthetically we note that the legislature since State ex rel. Wright v. Head–

rick, supra, has changed its mind three times in the area of motor vehicle operator license fees. The statute continues to require the county sheriffs to act as examiners, I.C. § 49–317, but has now authorized a division of such fees between the county and the state. (1951 S.L., Ch. 183, p. 383; 1961 S.L., Ch. 310, p. 576; 1965 S.L., Ch. 240, p. 588.)

In the case at bar the legislature had delegated to the various counties of the State the obligation of collecting motor vehicle license fees without specific authorization to the counties to deduct therefrom a sufficient amount to compensate for their expense. While some might quarrel with the policy thus enunciated by the legislature, it is not within the province of the judiciary to determine such policy.

Defendants excuse their neglect and refusal to forward said motor vehicle licensing moneys on the theory that Art. 7, § 17, of our Constitution, is somehow in conflict with I.C. § 40–2211. They contend most strenuously that Art. 7, § 17, of our Constitution, specifically and plainly authorizes the deduction of the costs of collection from the receipts gained from the licensing of motor vehicles. We do not agree. Art. 7, § 17, of the Idaho Constitution provides:

> "On and after July 1, 1941 the proceeds from the imposition of any tax on gasoline and like motor vehicle fuels sold or used to propel motor vehicles upon the highways of this state and from any tax or fee for the registration of motor vehicles, in excess of the necessary costs of collection and administration and any refund or credits *authorized by law*, shall be used exclusively for the construction, repair, maintenance and traffic supervision of the public highways of this state and the payment of the interest and principal of obligations incurred for said purposes; and no part of such revenues shall, *by transfer of funds or otherwise*, be diverted to any other purposes whatsoever." (Emphasis supplied)

The plain meaning of Art. 7, § 17 of the Constitution is that all moneys collected from the enumerated sources must be used for the designated purpose and may not be diverted therefrom. State ex rel. Moon v. Jonasson, 78 Idaho 205, 299 P.2d 755 (1956). The only exception to that mandate is that the legislature may authorize the funds to also be used for refunds or credits or to defray costs of collection and administration. The legislature has acted in the area of refunds, I.C. Ch. 12, Title 49. The legislature, however, has failed to authorize a division of fees representing the costs of collection between the county and the state, and instead has required all such fees to be remitted to the state.

We believe it obvious that the legislature may provide for the licensing of motor vehicles and the payment of fees therefor. It may provide for the licensing and collection of fees by a department of state government or county government. It may or may not provide for the deduction of costs of collection from such moneys prior to the time they are deposited in the state highway fund. In the instant case it has not so authorized or provided for such deduction. We find nowhere in the words or spirit of Art. 7, § 17 of our Constitution wherein the legislature is prohibited from taking the course of action exemplified by I.C. § 40–2211.

As has been said from the beginning of statehood, and most recently reiterated in Leonardson v. Moon, 92 Idaho 796, 451 P. 2d 542, 552 (1969):

> "In arriving at this conclusion, we are reminded of certain fundamental principles of constitutional law: (1) In determining the constitutionality of a legislative enactment, fundamental principles must ever be kept in mind and rigidly observed. Statutes are presumed valid and all reasonable doubts as to constitutionality must be resolved in favor of validity. (2) When a statute is

susceptible to two constructions, one of which would render it invalid and the other would render it valid, the construction which sustains the statute must be adopted by the courts. (3) The burden of showing unconstitutionality of a statute is upon the party who asserts it and invalidity must be clearly shown. (4) It is the duty of the courts to uphold the constitutionality of legislative enactments when that can be done by reasonable construction. (5) Unlike the federal constitution, the state constitution is a limitation, not a grant, of power."

The burden of clearly showing the unconstitutionality of I.C. § 40–2211 has not been sustained by the defendants and we are required, therefore, to hold that the legislation is constitutional. The alternative writ of mandate heretofore issued is made permanent. No costs allowed.

McFADDEN, C. J., McQUADE, DONALDSON and SPEAR, JJ., concur.