QUESTION PRESENTED AND CONCLUSION
May the State Treasurer invest HUTF moneys in non-interest bearing general revenue fund warrants?
No.
BACKGROUND
I. State Treasurer
All funds received by or accruing to the State of Colorado are transmitted to the custody of the State Treasurer. Section24-36-103, C.R.S. (1988). The Treasurer is responsible, subject to legislative direction, for the safekeeping and management of such funds. Colo. Const. art. X, § 12. The General Assembly has generally directed the Treasurer to deposit all state funds in banks doing business in Colorado, § 24-36-104, C.R.S. (1988), and has also authorized the Treasurer to make certain specific deposits and short term investments of such funds. Sections 24-36-109, 24-36-112, and 24-36-113, C.R.S. (1988). Under current practice, the Treasurer invests all state funds, including HUTF, in an investment pool. State funds so invested earn interest in proportion to their average daily balance in the pool. The Treasurer credits such interest earnings to the individual sources of state funds on a monthly basis.
The General Assembly has also authorized the Treasurer to use "[f]unds on hand or in his custody or possession eligible for investment, to invest in non-interest bearing general revenue fund warrants". Section 24-75-208, C.R.S. (1988). "Non-interest bearing general fund warrants" means any warrant issued against general revenue funds at a time when moneys accruing to the general revenue funds have not been received and credited to such funds. Section 24-75-207, C.R.S. (1988). Pursuant to §24-75-208, the Treasurer withdraws state funds, including HUTF, from the investment pool for the purpose of "investing" in such non-interest bearing general fund warrants.[1] The result of such withdrawal and "investment" is that the withdrawn funds do not earn interest while invested in such § 24-75-208
warrants, thereby reducing the earnings that would otherwise be credited to those funds had they not been withdrawn from the pool. The express purpose of the investment by the Treasurer in such § 24-75-208 warrants is to improve the management of public funds "to enable the state . . . promptly to make disbursements of legally appropriated moneys prior to and in anticipation of receipts of the general revenue funds." Section24-75-206, C.R.S. (1988). The Treasurer invests in such warrants in order to, among other things, cover general revenue shortfalls.
II. HUTF
Article X, § 18 of the Colorado Constitution provides that proceeds derived from certain sources must be used exclusively for highway purposes. Such proceeds are made part of the HUTF.
The statutory provisions that create the HUTF and that allocate moneys from the HUTF are found mainly in §§ 43-4-201
through -216, C.R.S. (1984 1992 Supp.). Revenue derived from the various sources that are earmarked by art. X, § 18 are credited by statute to the HUTF and appropriated exclusively for public highway purposes. See §§ 43-4-202 through -204, C.R.S. (1984 1992 Supp.).[2] That revenue is then allocated according to statute, e.g., for the highway crossing protection fund and to cover the costs of the Colorado State Patrol. See §§ 43-4-205 and -206, C.R.S. (1984 1992 Supp.). Certain percentages of the remaining moneys in the HUTF are then allocated to the state, counties, and municipalities, to be used solely for state highway, county road, and city street purposes, respectively. See §§43-4-206 through -208, C.R.S. (1984 1992 Supp.). In addition, other statutes authorize the use of HUTF moneys for highway-related purposes. See, e.g., §§ 25-3.5-603, C.R.S. (1989 and 1992), 42-4-111, C.R.S. (1984), and 42-8-110, C.R.S. (1984).
ANALYSIS
The issue here is whether the Treasurer may invest HUTF moneys in non-interest bearing general revenue fund warrants, where such investment is for a general fund purpose and results in a loss of interest income that would otherwise accrue to the HUTF.
Statutory provisions concerning the investment of funds by the Treasurer are subject to constitutional limitations.Colorado State Civil Service Employees Ass'n v.Love, 167 Colo. 436, 448 P.2d 624 (1968). Where a constitutional provision and a statute are in conflict, the constitutional provision must prevail. Passarelli v.Schoettler, 742 P.2d 867 (Colo. 1987). The intent of §§24-75-206 through -208 is to use state funds for general fund purposes, including to cover temporary shortfalls in the general revenue funds. Article X, § 18, however, precludes the use of the special fund HUTF moneys for such general fund purposes.
Article X, § 18 provides, in relevant part, that:
 [t]he proceeds from the imposition of any license fee, registration fee, or other charge with respect to the operation of any motor vehicle . . . and the proceeds from the imposition of any excise tax on gasoline or other liquid motor fuel . . . shall, except costs of administration, be used exclusively for the construction, maintenance, and supervision of the public highways of this state. . . .
(emphasis added).
Where the language of a constitutional provision is plain and the meaning clear, that language must be enforced as written.Colorado Ass'n of Public Employees v. Lamm,677 P.2d 1350 (Colo. 1984). The plain meaning of the article X, § 18 term "proceeds" is "that which results, proceeds, or occurs from some . . . transaction", and the term includes income, such as interest income. Black's LawDictionary 1084 (5th ed. 1979). Also, the meaning of the term "exclusively" is "excluding [others] from participation, . . . limiting use, . . . single, sole. . . ."Webster's Third New International Dictionary 793 (1971). Colorado courts have narrowly defined the term "exclusively." In Cache La Poudre Reservoir Co.v. Industrial Claim Appeals Office, 757 P.2d 173, 175
(Colo.App. 1988), the Court of Appeals determined that the phrase "used exclusively" (in § 8-70-103(11)(a)(I)(C), C.R.S. (1986)) could not be interpreted broadly to mean "primarily" or "principally," but instead must mean "without exception" or "solely." The court noted that if the General Assembly had intended a more broad interpretation, it would have used terms such as "principally" or "primarily." Accord Dolev. West Extension Irr. Dist., 909 F.2d 349 (9th Cir. 1990).
The natural and plain meaning of the language of article X, § 18 clearly limits the use of HUTF moneys (including interest income "proceeds" from such moneys) to purposes concerning the construction, maintenance, and supervision of highways. Johnson v. McDonald, 97 Colo. 324, 49 P.2d 1017
(1935). The Treasurer's investment in § 24-75-208
non-interest bearing general fund warrants to pay general revenue debts or to otherwise meet general revenue fund obligations is a general fund (as distinguished from a special fund) purpose. That purpose is inconsistent with the exclusive use of HUTF for the special purposes of construction, maintenance, and supervision of public highways required by the plain meaning of the language of art. X, § 18. Johnson v. McDonald
(the constitutional provision "makes the proceeds of the taxes mentioned therein not available for general purposes"); Cityof Trinidad v. Haxby, 136 Colo. 168, 315 P.2d 204 (1957) (art. X, § 18 removes excise taxes on motor fuel from availability for general state purposes).[3]
The conclusion that the Treasurer may not invest HUTF moneys in § 24-75-208 warrants is further bolstered by the fact that the Treasurer is prohibited from using interest earned on HUTF moneys for general fund purposes. Art. X, § 18 of the Colorado Constitution requires that interest earned on the investment of HUTF shall be credited to the HUTF and used exclusively for the construction, maintenance, and supervision of the public highways. See Baer v. Romer, StateTreasurer, Civil Action No. C-61529, Denver Distr. Ct. (February 27, 1978).[4] Since the Treasurer can not use HUTF interest for general fund purposes, it is clear that neither can the Treasurer use the HUTF itself for such purposes.
Accordingly, Colo. Const. art. X., § 18 limits the purposes for which HUTF moneys may be used. While the General Assembly retains its appropriate authority over those revenues within the sphere of highway purposes delineated by art. X, § 18, Johnson v. McDonald, the use of HUTF moneys to "invest" in non-interest bearing general revenue fund warrants for general state purposes is clearly not within the sphere of such highway purposes. See, e.g.,Opinion of the Justices, 155 Me. 125, 152 A.2d 494
(1959) (purpose of art. IX, § 19 special motor vehicle fund is to prevent diversion of such revenues from highway purposes);Williams v. Swensen, 93 Idaho 542, 467 P.2d 1 (1970) (all moneys in art. VII, § 17 special motor vehicle fund must be used for designated purpose and may not be diverted); andJM-593 Op. Att'y Gen. (Tex. 1986), citingBrazos River Conservation District v. McCraw,91 S.W.2d 665 (Tex. 1936) (Tex. Const. art. VIII, § 7 special motor vehicle funds may not be transferred, loaned, diverted, or appropriated to some other use).
SUMMARY
The Treasurer may not invest such Colo. Const. art. X, §18 HUTF moneys in non-interest bearing general revenue fund warrants.
 GALE A. NORTON Attorney General
 BARRY RYAN Assistant Attorney General
TREASURER, STATE HIGHWAYS TAXATION AND REVENUE TRUST FUNDS
Colo. Const. art. X, § 18 §§ 24-75-206 through -206, C.R.S. (1973 1992 Supp.) § 43-4-203, C.R.S. (1973 1992 Supp.)
The State Treasurer may not invest HUTF moneys in non-interest bearing general fund warrants.
[1] Funds invested by the Treasurer in such warrants are not actually an "investment," since they do not earn interest or produce income or revenue. "Investment" is defined, generally, as "the laying out of moneys in a way intended to produce revenue . . . or secure income. . . ." Black's LawDictionary 741 (5th ed. 1979).
[2] Other revenues that are derived from non-HUTF sources and that are credited by §§ 43-1-219 and 43-1-220, C.R.S. (1984) to the "state highway fund" and to the "state highway supplementary fund" (not to the HUTF) are not earmarked by Colo. Const., art. X, § 18 exclusively for highway purposes.
[3] In addition to the constitutional prohibition, the statutory language of §§ 24-75-206 through -208, C.R.S. (1988 1992 Supp.) may not allow the Treasurer to invest HUTF moneys in non-interest bearing general fund warrants. Sections 24-75-206
through -208 authorize only the investment of "public funds" (See § 24-75-206), and HUTF moneys may not be "public funds." In discussing an old age pension fund, our Supreme Court has stated that the term "public funds" does not encompass moneys in "special funds" which "stand segregated for a special and designated use." Pensioners Protective Ass'n v.Davis, 112 Colo. 535, 540, 150 P.2d 974 (1944). The HUTF is a special fund available for one specific purpose only: its moneys are not part of the general fund or available for general fund purposes. E.g., Johnson v. McDonald,97 Colo. 324, 49 P.2d 1017 (1935); City of Trinidad v.Haxby, 136 Colo. 168, 315 P.2d 204 (1957). Because the HUTF is "not the general property of the state . . . is not creditable to the general revenue of the state and is designated for purposes other than such revenue", Strong v. IndustrialComm'n., 71 Colo. 133, 204 P. 892 (1922) (treasurer not authorized to invest moneys from state compensation insurance fund in state warrants), it would probably not qualify as "public funds" which may be invested under §§ 24-75-206 through -208.See, Pensioners Protection Ass'n v. Davis.
[4] See also State Highway Commissionv. Spainhower, 504 S.W.2d 121 (Mo. 1973) (interest earned by a constitutionally dedicated special motor vehicle fund must be credited to that fund, notwithstanding statute directing State Treasurer to invest all funds in state custody and to deposit all interest earned in general fund); and JM-3231 Op. Att'yGen., (Tex. 1985) (interest generated from revenue of a constitutionally dedicated special fund is required to be allocated to the principal of that fund, and could not be diverted to the general revenue fund by any act of the legislature).