920 P.2d 909

### V–1 OIL COMPANY, Plaintiff–Respondent,

v.

### IDAHO PETROLEUM CLEAN WATER TRUST FUND, Defendant–Appellant.

No. 21222.

Supreme Court of Idaho, Boise, December 1995 Term.

July 2, 1996.

Rehearing Denied July 2, 1996.

Holland & Hart, Boise, for appellant. B. Newal Squyres argued.

Simpson, Gauchay & Gardner, Idaho Falls; Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent. Robert E. Bakes argued.

## ON REHEARING

McDEVITT, Chief Justice.

## I.

## BACKGROUND AND FACTS

This case presents no disputed facts. V–1 Oil Company (V–1 Oil) is a distributor of

petroleum products licensed to do business in Idaho. As to at least some of the petroleum products V–1 Oil sells in Idaho, V–1 Oil is the first licensed distributor to transfer the petroleum products within this state.[1] As the first licensed distributor to transfer title to a petroleum product in this state, V–1 Oil is required by the Idaho Petroleum Clean Water Act to pay a one cent per-gallon transfer fee on those petroleum products. The proceeds of that transfer fee are committed to the Idaho Petroleum Clean Water Trust Fund (Trust Fund), which insures the owners and operators of petroleum storage tanks who participate in the program against claims for personal injuries and property damage arising from the accidental release of petroleum from the storage tanks. V–1 Oil does not participate in the Trust Fund.

On March 2, 1992, V–1 Oil filed a complaint in district court against the Trust Fund, seeking an order that the petroleum transfer fee charged under the Idaho Petroleum Clean Water Trust Fund Act, I.C. § 41–4908(7), constitutes a gasoline tax. Because the Idaho Constitution requires that the proceeds of any tax on gasoline be dedicated exclusively to the construction, repair, maintenance, and traffic supervision of the public highways of this state, V–1 Oil sought to obtain a refund of the "fees" it had paid and to have the fee declared unconstitutional under Article VII, Section 17 of the Idaho Constitution. V–1 Oil filed a motion for summary judgment on both the constitutionality of the transfer fee and V–1 Oil's entitlement to a refund of those fees it has paid. The Trust Fund filed a cross motion for summary judgment on the constitutionality of the transfer fee.

On December 13, 1993, the district court issued a memorandum decision and order granting V–1 Oil's motion in part and denying the Trust Fund's motion. The district court concluded that the petroleum transfer fee is, in effect, a gasoline tax. Because the proceeds of that tax are not dedicated to the construction and maintenance of highways as required by the Idaho Constitution, the district court held that the tax was unconstitutional under Article VII, Section 17 of the Idaho Constitution. The district court also held that the record was not sufficient to determine, as a matter of law, what remedy was available to V–1 Oil. The Trust Fund sought and was granted permission to appeal the partial summary judgment. The Trust Fund argues on appeal that the district court erred in concluding that the transfer fee constitutes a "tax on gasoline and like motor vehicle fuels" under the Idaho Constitution Article VII, Section 17. V–1 Oil seeks attorney fees on appeal.

## II.

### STANDARD OF REVIEW

When reviewing a district court's ruling on a motion for summary judgment, this Court liberally construes the record in favor of the party opposing the motion, resolving all inferences that reasonably can be drawn from the record in that party's favor. *E.g., Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994); *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). This standard is not lessened because both parties have moved for summary judgment. *City of Idaho Falls v. Home Indem. Co.,* 126 Idaho 604, 606, 888 P.2d 383, 385 (1995); *Kromrei v. AID Ins. Co.,* 110 Idaho 549, 551, 716 P.2d 1321, 1323 (1986). However, this Court has recently observed that "when both parties move for summary judgment on the same issues and legal theories based on the same, essentially uncontroverted facts, the record is unlikely to reveal any genuine issue of material fact." *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995). When reviewing a district court's ruling on such motions, this Court must examine each motion separately, alternatively resolving the reasonable inferences presented by the record in opposition to each party's motion. *Id.* at 201, 899 P.2d at 414.

---

1. The record establishes that V–1 Oil is both a primary and secondary distributor of petroleum products in this state. As discussed below, the district court denied V–1 Oil's motion for summary judgment on the issue of to what extent V–1 Oil was impacted by the imposition of the transfer fee.

## III.

### THE TRANSFER FEE IMPOSED UNDER THE IDAHO CLEAN WATER TRUST FUND ACT IS A TAX ON GASOLINE AND LIKE MOTOR VEHICLE FUELS

■ The Idaho Constitution expressly provides that the proceeds of all gasoline taxes must be dedicated exclusively to the construction, repair, maintenance, and supervision of public highways. Article VII, Section 17 of the Idaho Constitution provides:

> GASOLINE TAXES AND MOTOR VEHICLE REGISTRATION FEES TO BE EXPENDED ON HIGHWAYS. On and after July 1, 1941 the proceeds from the imposition of any tax on gasoline and like motor vehicle fuels sold or used to propel motor vehicles upon the highways of this state ... shall be used exclusively for the construction, repair, maintenance and traffic supervision of the public highways of this state and the payment of the interest and principal of obligations incurred for said purposes; and no part of such revenues shall, by transfer of funds or otherwise, be diverted to any other purposes whatsoever.

Idaho Const. Art. VII, § 17. This Court has held that this provision is unambiguous, and the plain meaning of this section prohibits the transfer of revenues collected from taxes on motor vehicle fuels to any purpose other than construction, repair, maintenance, and supervision of public highways. *Williams v. Swensen,* 93 Idaho 542, 544, 467 P.2d 1, 3 (1970) ("The plain meaning of Art. 7, § 17 of the Constitution is that all moneys collected from the enumerated sources must be used for the designated purpose and may not be diverted therefrom."); *State ex rel. Moon v. Jonasson,* 78 Idaho 205, 209–10, 299 P.2d 755, 757 (1956) ("The constitutional provision prohibiting the transferring of revenues specified therein to any other purpose than those enumerated is all inclusive; it was enacted by the people of the State. It is plain and unambiguous and is not subject to

the construction contended for by appellant."). Based upon our conclusion that there is no interpretation of the fund that would bring the fund within the purposes provided for in Article VII, Section 17 of the Idaho Constitution, the sole issue before this Court is whether the transfer fee is a tax on motor vehicle fuels.

The Trust Fund argues that the transfer fee is a charge imposed on those who participate in the storage tank insurance program. As such, the Trust Fund argues that the transfer fee is a fee charged to provide a service, rather than a tax on gasoline. In support of this proposition, the Trust Fund relies on *Kootenai County Property Ass'n v. Kootenai County,* 115 Idaho 676, 769 P.2d 553 (1989). In *Kootenai,* this Court held that an annual solid waste disposal fee was not a tax because that fee was "reasonably related to the services rendered by the county in acquiring, establishing, maintaining and operating its solid waste disposal system." *Id.* at 680, 769 P.2d at 557.

It is important to note at the outset that the prior cases in which this Court was required to determine whether a fee constituted a tax, involved municipal and county actions. In those cases, the question of whether the fee constituted a tax was relevant to the authority of the entity to assess the fee. In the present case, there is no dispute that the legislature has the authority to levy a tax on motor vehicle fuels, and the significance of whether the petroleum transfer fee constitutes a tax is relevant only to whether the proceeds of that fee must be dedicated to the purposes required under Article VII, Section 17 of the Idaho Constitution.[2]

In order for the transfer fee to be a "fee for service" under *Kootenai,* the fees collected must bear a reasonable relationship to the service provided to those paying the fee. In the present case, however, the transfer fee is not related to participation in or the opportunity to participate in the Trust Fund's insur-

---

2. Although there is no dispute that the legislature is authorized to assess and collect the fee at issue in this appeal, V–1 Oil's standing to challenge the constitutionality of the way in which the pro-

ceeds of that fee are spent has not been challenged by the Trust Fund and therefore will not be resolved by this Court on appeal.

ance program. The fee is charged to the first licensed petroleum distributor to transfer title to petroleum in Idaho "for the privilege of engaging in the delivery or storage of petroleum products[,]" I.C. § 41–4908(7), not for participating in the Trust Fund's insurance program.

This case is not analogous to *Kootenai*, where everyone who paid the solid waste disposal fee was entitled to the benefit of solid waste disposal services. Eligibility to participate in the insurance program is not related to payment of the transfer fee. Distributors who do not store petroleum in storage tanks in Idaho are required to pay the transfer fee although they do not participate in the insurance program, while people and entities who store petroleum in storage tanks but are not licensed petroleum distributors are entitled to participate in the Trust Fund's insurance program without paying the fee. During oral argument, counsel for both parties confirmed that persons or entities are required to pay the transfer fee who cannot participate in the Trust Fund.

The per-gallon transfer fee assessed for engaging in the privilege of delivering petroleum products in this state is not reasonably related to the benefits provided by the Trust Fund. The transfer fee is thus a tax. *Kootenai County Property Ass'n*, 115 Idaho at 680, 769 P.2d at 557 ("The law only requires that the fee be reasonably related to the benefit conveyed.").

The parties do not dispute that the transfer fee is levied, in part, on "gasoline and like motor vehicle fuels" within the meaning of Article VII, Section 17 of the Idaho Constitution. The Idaho Petroleum Clean Water Act defines the terms "petroleum" and "petroleum products" to expressly include "motor gasoline, gasohol, other alcohol blended fuels, diesel fuel, heating oil and aviation fuel." I.C. § 41–4903(23). Moreover, according to the affidavits submitted by V–1 Oil, the only petroleum products relevant to this appeal are diesel fuel and gasoline.

To the extent that the petroleum transfer fee has been assessed against "gasoline and like motor vehicle fuels[,]" the allocation of the proceeds of that fee to fund the Trust Fund violates Article VII, Section 17 of the Idaho Constitution.

## IV.

### V–1 OIL IS NOT ENTITLED TO A REFUND

■ Although we agree with V–1 Oil that the revenue raised from the imposition of the transfer fee cannot constitutionally be used to finance the Trust Fund, we do not agree that V–1 Oil is entitled to a refund. It is uncontested that the legislature had the authority to levy a tax on motor vehicle fuels. The creation and collection of the transfer fee was not unconstitutional pursuant to Article VII, Section 17 of the Idaho Constitution, but rather the appropriation of the revenue, raised from the transfer fee, to the Trust Fund was unconstitutional. Article VII, Section 17 of the Idaho Constitution mandates that all revenue raised from any tax on gasoline, the transfer fee in this case, must go toward the construction, repair, maintenance, and traffic supervision of the public highways. V–1 Oil is not entitled to a refund of the transfer fees it has paid, based upon our holding that the transfer fee was not unconstitutional and that the appropriation of the transfer fees to the Trust Fund was unconstitutional. The revenue raised from the imposition of the transfer fees must be appropriated by the Idaho Legislature for uses consistent with Article VII, Section 17 of the Idaho Constitution.

## V.

### APPLICABILITY OF THIS OPINION

■ Since this action involves an interpretation of a statute, the result of which is to declare the appropriation of the proceeds of the transfer fee to be for an unconstitutional purpose, the question of the applicability of this Court's opinion to past, pending and future cases must be addressed.

In *Thompson v. Hagan*, 96 Idaho 19, 523 P.2d 1365 (1974), this Court set forth three different approaches for determining the applicability of an opinion of this Court. *Thompson*, 96 Idaho at 25, 523 P.2d at 1371. The *Thompson* Court adopted three criteria

for determining which approach would be appropriate for a given case. *Id.* Under the first criteria, the purpose of the new decision must be analyzed in connection with the question of retroactivity. *Id.* The second criteria is reliance on the prior rule of law or the statutory procedure. *Id.* The third criteria is the effect on the administration of justice, that is, the number of cases that would be reopened if the decision was applied retroactively. *Id.*

Subsequently, in *Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 25–26, 539 P.2d 566, 577–78 (1974), *Baker v. Shavers, Inc.*, 117 Idaho 696, 697, 791 P.2d 1275, 1276 (1990), and *Potlatch Corp. v. Idaho State Tax Comm'n*, 120 Idaho 1, 2–3, 813 P.2d 340, 341–42 (1991), this Court further defined and applied the criteria adopted in *Thompson.*

The purpose of this decision is to determine the constitutionality of the appropriation of the proceeds of the transfer fee imposed by the legislature. We recognize the reliance on the statute at issue by the Executive Department of the state in creating the insurance process contemplated by the Idaho Petroleum Clean Water Act and the service it provided in insuring hundreds of individuals and companies, who, in reliance on this insurance program, installed or maintained storage tanks. The expenditure by the State of Idaho of a significant portion of the funds collected in claims and administration of the Trust Fund is very compelling. The effect of this decision on the administration of justice is slight based upon the representation made to this Court that following this Court's August 3, 1995 decision, the transfer fee funds collected have not been expended and have been held in a separate account by the Idaho State Tax Commission.

As in *Thompson*, this Court finds that the factor of reliance on the constitutionality of the funds appropriated and the past issuance of policies, which will produce claims and losses in the future, and the reliance of a significant number of individuals and enterprises on the existence of that insurance, is very strong. Therefore, this Court applies the decision adopted in this case in a modified prospective fashion, applying the decision to the case before the Court, to all pending actions at the date of the Court's decision, and to all actions arising in the future. This case will not be retroactively applied to insurance policies issued by the Trust Fund, insurance reserves, or surplus existing prior to this Court's August 3, 1995 decision.

## VI.

### V–1 OIL IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL

■ V–1 Oil seeks attorney fees on appeal under I.C. § 12–117 and the private attorney general doctrine. I.C. § 12–117 is inapplicable. The Trust Fund is not a state agency within the meaning of I.C. § 67–5201, which is incorporated into I.C. § 12–117 by reference. I.C. § 12–117(4)(b). The definition provided by I.C. § 67–5201 provides that an "agency" is "each state board, commission, department or officer authorized by law to make rules or to determine contested cases...." I.C. § 67–5201(2) The Trust Fund has no power to promulgate rules or decide contested cases, and is not an agency subject to attorney fees under I.C. § 12–117.

■ We also reject V–1 Oil's invitation to award attorney fees under the private attorney general doctrine. In *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), this Court adopted a three-factor test to determine whether attorney fees should be awarded under the private attorney general doctrine. When making such a determination, this Court must consider (1) the strength of the societal importance of the public policy vindicated by the litigation; (2) the need for private enforcement and the magnitude of the resultant burden on the plaintiff; and (3) the number of people standing to benefit from the decision sought. *Id.* at 577–78, 682 P.2d at 530–31; *see also Miller v. EchoHawk*, 126 Idaho 47, 49, 878 P.2d 746, 748 (1994) (applying *Hellar* test to review award of fees under private attorney general doctrine).

V–1 Oil filed a complaint in district court seeking a refund of all funds paid by V–1 Oil pursuant to the Idaho Petroleum Trust Fund Act. Regardless of whether V–1 Oil is entitled to such a refund, the record of the proceedings below and the arguments presented to this Court clearly establish that V–1 Oil initiated and has pursued this litigation for the limited purpose of obtaining a refund of the fees it has paid into the Trust Fund. As such, we conclude that V–1 Oil is not entitled to an award of attorney fees under the private attorney general doctrine.

## VII.

## CONCLUSION

The district court's order granting partial summary judgment in favor of V–1 Oil and denying the Trust Fund's motion for summary judgment is affirmed. The issue of whether V–1 Oil is entitled to a refund is not remanded to the district court, as we hold that V–1 Oil is not entitled to a refund of the transfer fees it has paid. This Court's decision will be applied in a modified prospective fashion. Costs to respondent; no attorney fees are awarded on appeal.

TROUT, SILAK and SCHROEDER, JJ., concur.

JOHNSON, Justice, concurring in the result.

I concur in the result reached in the Court's opinion. In doing so, I announce that I consider the opinion in this case effectively to overrule *Kootenai County Property Ass'n v. Kootenai County.*, 115 Idaho 676, 769 P.2d 553 (1989).

The Court's opinion attempts to distinguish *Kootenai* by stating that in *Kootenai* "everyone who paid the solid waste disposal fee was entitled to the benefit of solid waste disposal services," while in this case, "[e]ligibility to participate in the insurance program is not related to payment of the transfer fee." Op. at 894, 920 P.2d at 913. In my view, this attempted distinction is not valid.

In *Kootenai*, the Court held that because any owner of a habitable residential dwelling was eligible to use the county waste disposal site, the charge imposed on them was a fee and not a tax. 115 Idaho at 678, 769 P.2d at 555. The essence of this logic was that it was up to the owner whether they chose to send their solid waste, if they had any, to the county waste disposal site. In the present case, anyone who pays the transfer fee is eligible to participate in the Trust Fund's insurance program, if they choose to have storage tanks, as V-l has. In *Kootenai*, only those who chose to use the county waste disposal site received a benefit. Here, only those who choose to have storage tanks benefit. Having disagreed with the Court in *Kootenai*, and having attempted without success to convince the Court that *Kootenai* controlled, I now enthusiastically accept what I consider to be the demise of *Kootenai* as precedent. "It is said that there is nothing so dangerous to the status quo as an idea whose time has come. More dangerous yet is the continuance of an idea whose time has past." *Olsen v. Olsen*, 98 Idaho 10, 21, 557 P.2d 604, 615 (1976) (Shepard, J., dissenting).