**Herman ANDREWS, Plaintiff-Appellant,**

**v.**

**ROBINSON STEEL CONSTRUCTION. COMPANY, a Corporation, Defendant-Respondent.**

**ROBINSON STEEL CONSTRUCTION COMPANY, a Corporation, Third-Party Plaintiff-Respondent.**

**v.**

**HARTMAN–WALSH PAINTING COMPANY, a Corporation, Third-Party Defendant-Respondent.**

No. 48723.

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

Motions for Rehearing or for Transfer to Court en Banc Denied April 9, 1962.

Glennon T. Moran, Hilmar L. Lax, St. Louis, and George Moran, for appellant.

Luke, Cunliff & Wilson and Robert R. Schwarz, St. Louis, for respondent Hartman-Walsh.

Evans & Dixon and William W. Evans, St. Louis, for respondent Robinson Steel Const. Co.

BARRETT, Commissioner.

■ Robinson Steel Construction Company was the general contractor in repairing the United States Army Engineer Depot in Granite City, Illinois, and the Hartman-Walsh Painting Company was its subcontractor, engaged to paint the interior of the depot. The plaintiff, Herman Andrews, was a painter employed by Hartman-Walsh Company. On July 17, 1957, while painting the ceiling, Andrews fell from a scaffold and was injured. The parties have stipulated that at the time of Andrews' injury Hartman-Walsh had insured and guaranteed its liability to pay compensation to its employees under the workmen's compensation law of Illinois. To recover damages for his injuries resulting from the fall, Andrews has instituted this action under the Illinois Scaffold Act (1 Ill.R.S.1959, Ch. 48, Secs. 60, 69) against Robinson Steel Construction Company, the general contractor. In his petition Andrews has alleged that the general contractor willfully violated the Illinois Scaffold Act and has therefore incurred a liability to him. The respondent does not now object to the allegations of the petition with respect to its liability under the scaffold act, and we are not concerned with whether the petition states a cause of action in this respect and neither are we concerned with whether the proof will be sufficient, for the purposes of this opinion it is assumed that the petition is sufficient in this particular regard. Kennerly v. Shell Oil Co., 13 Ill.2d 431, 150 N.E. 2d 134; Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co., 22 Ill.2d 305, 175 N.E.2d 785; Miller v. B. F. Goodrich Co., 7 Cir., 295 F.2d 667. Hartman-Walsh Painting Company is a third-party defendant-respondent and Robinson Steel states that its third-party claim is one of indemnity only, ancillary to the plaintiff's claim, and that the dismissal of the plaintiff's claim necessarily disposes of all causes and controversies as far as this court is now concerned.

■ The trial court, upon motion, dismissed the plaintiff's petition for the reason that Robinson Steel Construction Company was Andrews' "statutory employer" under the law of Illinois and therefore his only relief was under the workmen's compensation law. The controversy and question for decision is precisely pointed up by

reference to the respondent's brief. Robinson Steel contends that Andrews was its "statutory employee," or, as the general contractor, that it was his "statutory employer" and therefore exempt from statutory liability to Andrews under the scaffold act. In support of its contention the respondent argues, since both it and Andrews were engaged in the construction business, that they were automatically under the Illinois Workmen's Compensation Act. 1 Ill. R.S.1959, Ch. 48, Sec. 138.3. In this connection it is said that the Illinois compensation law is the exclusive remedy of an injured employee against his employer "even though the employer under the Act is not liable for the payment of compensation." And, furthermore, it is said that by "mandatory definition" Robinson Steel is plaintiff's employer with the consequence that his exclusive remedy is the Illinois compensation law.

In this background it is obvious that the question for decision is whether a statutory employer is a third person, "some person other than his employer," within the meaning of the workmen's compensation law of Illinois and therefore liable in damages to the employee of a subcontractor (1 Ill.R.S. 1959, Ch. 48, Sec. 138.5(b)) injured by reason of the general contractor's violation of the scaffold act. The question is further complicated in that the Illinois compensation law has been amended several times, particularly in 1951, and the Illinois courts have not recently considered this particular problem. Thus it is not as if we were more or less authoritatively construing our own statutes, here the court is confronted with the unrewarding task of unauthoritatively interpreting the Illinois statutes.

In further background but persuasively bearing upon the immediate question, it may be noted that two types of statutes have been employed in the compensation laws of at least forty-one states: one, those which merely require the general contractor to see that his subcontractor carries compensation insurance, and, two, those which directly impose liability on the general contractor for injuries to employees of his subcontractor. The latter type statutes have generally been construed as creating an exclusive remedy, precluding the maintenance of either a statutory or common-law action against the general contractor, even though rights against third persons are preserved in the acts. On the other hand, the type one statutes are generally construed in favor of the retention of common-law or other rights of subcontractors' employees against the general contractor, at least where the general contractor is not in fact liable under the act. Annotations 151 A.L.R. 1359, 166 A.L.R. 813. "The distinctions to be drawn between the statutes lie rather in the nature of the obligation which is placed upon the general contractor by the statutes of various jurisdictions. Where the general contractor is subjected to a primary obligation to provide compensation for the employees of a subcontractor, the courts have generally denied common law actions by the employees of the subcontractor against the general contractor on the ground that he is by statute the 'employer' and therefore immune from liability. On the other hand, where the statute imposes only a secondary obligation on the general contractor, that of providing compensation in the event that the subcontractor fails to do so or is not subject to the compensation law, the tendency is to find that a general contractor who has not in fact been held liable for compensation is a third person against whom an action for damages may be brought." McCoid, "The Third Person In The Compensation Picture," 37 Tex. L.R. 389, 407–408; 108 Pa.L.R. 155. Professor Larson summarizes the lines of cases under the various statutes in this way: "But if the facts necessary to his liability are not complete, as when the sub-contractor is insured, most courts have held that the general contractor remains a third party subject to common law liability. These cases test the general contractor's status by his actual relation to the sub-contractor's employee on the given facts, not by his potential liability if, for example, the subcontractor failed to carry insurance." 2

Larson, Workmen's Compensation Law, Sec. 72.31, pp. 175–176.

The parties rely on the two lines of cases from other jurisdictions, the respondent lists the cases under the type two statutes, while the appellant lists the cases under the type one statutes. There is no point to listing or attempting an analysis of the cases here, they are collected in the cited texts, annotations and law review articles. The rationale of the cases is plain enough, there are two points of view, however, (37 Tex.L. R., 1. c. 444–454), and Larson persuasively criticizes the retention of liability theory even under the conditional type statute. 2 Larson, Workmen's Compensation Law, pp. 176–177. See also the note, inspired in part by the leading case of Sweezey v. Arc Electric Const. Co., 295 N.Y. 306, 67 N.E.2d 369, 166 A.L.R. 809, in 39 Va.L.R. 951, 958.

In so far as material here the Illinois act defines an "employer," and as to one in the relationship of Robinson Steel, a general contractor, provides that "he shall be liable to pay compensation to the employees of any such contractor or sub-contractor *unless such contractor or sub-contractor shall have insured * * * or guaranteed his liability to pay such compensation.*" 1 Ill. R.S.1959, Ch. 48, Sec. 138.1(a) 3. While this particular subparagraph was a separate section (section 31) in the compensation law prior to 1951 and was not contained in the definition of an "employer," and may now have the effect of automatically subjecting a general contractor to the act, the language is plainly that of the type one statutes and imposes a conditional or secondary liability. Annotations 151 A.L.R. 1359, 166 A.L.R. 813; 37 Tex.L.R., 1. c. 407–408. Here the subcontractor has insured or guaranteed its liability under the compensation law to its employees, including Andrews, and Robinson Steel is not in point of fact liable to the employees of its subcontractor, Hartman-Walsh, for benefits under the compensation law. Since the subcontractor is insured the facts necessary to Robinson Steel's liability for compensation are not complete and there is no "actual relation to the sub-contractor's employee." 2 Larson, Workmen's Compensation Law, Sec. 72.31, p. 175; 1957 University of Ill. Law Forum, 277, 287–288.

Then too, prior to the amendments, the Illinois court applied the auxiliary rules and construed sections 31 and 29 (now amended section 138.5(a) (b) reserving to employees a cause of action against third persons) together, and enforced a subrogation claim against a general contractor for compensation benefits paid to the dependents of a subcontractor's employee. In the course of its opinion the court said, "The defendant urges that under the statutory-employer doctrine it could also be a statutory employer of the deceased. This does not necessarily follow. By section 31 the principal contractor is not liable to pay compensation to the injured employee of the subcontractor unless the subcontractor has failed to take out insurance to protect the employee." Baker & Conrad, Inc. v. Chicago Heights Const. Co., 364 Ill. 386, 398, 4 N.E.2d 953, 959. Likewise, in another subrogation action, the Illinois Court of Appeals declared, "It is evident that section 31 has reference only to the class of persons that may be liable to pay compensation under the act, and not to the third person who may be liable at common law for the negligence causing the injuries." Foglio v. City of Chicago, 229 Ill.App. 472, 478–479; 1957 University of Illinois Law Forum, 1. c. 287–288.

In Kennerly v. Shell Oil Company it was unsuccessfully urged that the scaffold act had been superseded by the compensation law, and it may or may not be that the Kennerly case has been modified by Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co., supra—there is some doubt about it. Miller v. B. F. Goodrich Co., 7 Cir., 295 F.2d 1. c. 669. It was the theory of the plaintiff in Moushon v. National Garages, Inc., 9 Ill.2d 407, 137 N.E.2d 842, that he had sustained a noncompensable injury and could therefore maintain an action for negligent injury directly against his immediate employer.

For the indicated reasons, it may not be confidently said, up to now at least, that the plaintiff's claim is barred by the Illinois compensation law and, accordingly, the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.