979 P.2d 1183

**Kathy (Worthington) THOMAS, Plaintiff–Respondent,**

v.

**Robert WORTHINGTON, Defendant–Appellant.**

**No. 24433.**

Supreme Court of Idaho,
Boise, February 1999 Term.

June 2, 1999.

Alexanderson, Davis, Rainey & Whitney, Caldwell, for appellant. Ronald P. Rainey argued.

Robinson & Walker, PLLC, Caldwell, for respondent. Bryan K. Walker argued.

TROUT, Chief Justice.

This is an appeal from the district court's denial of a Motion to Determine Judgment Unenforceable and a Motion for Ex Parte Order Quashing Immediate Income Withholding Order filed by the appellant, Robert Worthington (Robert).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Kathy Worthington Thomas (Kathy) and Robert were divorced by decree of divorce entered on November 9, 1982. Robert was ordered to pay child support to Kathy for the couple's two children. On March 21, 1988, child support payments were terminated because the children were living with their father. Despite termination of the current child support payments, Robert owed back child support which had accrued during the time period between November 9, 1982 and March 21, 1988.

Kathy obtained a money judgment against Robert for child support on May 11, 1989. On July 6, 1989, the magistrate judge in the underlying divorce case entered an order fixing the principal and interest on the child support arrearages. A subsequent *nunc pro tunc* order entered on May 31, 1996, granted Robert credit for certain payments and fixed the interest rate to accrue on the unpaid arrearages at eighteen percent per annum. Neither party appealed the magistrate's order.

On January 13, 1995, Kathy filed a complaint alleging an unpaid principal of child support of $19,093.88 with accrued interest of $10,927.32 and requesting a judgment in that amount. Robert then challenged the manner in which interest had been calculated on the principal and whether the payments were to be applied toward interest or principal first. After a trial on the issues, the district judge held the magistrate's ruling on the rate of interest would not be disturbed and that payments should be credited first toward interest, with any remainder credited toward the principal sum owing. The district judge then entered judgment on July 10, 1997, awarding Kathy $9,876.71 together with interest thereon at the rate of eighteen percent per annum until paid. A writ of execution was ordered to issue for execution of the judgment and on November 5, 1997, an Immediate Income Withholding Order For Child Support issued. In the interim, as of January 1997, both children had reached the age of twenty-three.

On November 14, 1997, Robert filed a Motion to Determine Judgment Unenforceable asserting that I.C. § 5-245 barred collection of the judgment because both children had reached the age of twenty-three. Subsequently, on November 17, 1997, Robert filed a Motion for Ex Parte Order Quashing Immediate Income Withholding based on I.C.

§ 5–245 and I.C. § 32–1214. Robert argued that I.C. § 5–245 barred Kathy from executing on the judgment by use of the income withholding procedures because the statute states that "[a]n action or proceeding to collect child support arrearages must be commenced within five (5) years after the child reaches the age of majority...." Therefore, Robert asserted, because both children had reached the age of twenty-three prior to Kathy's November 5, 1997 attempt to execute on the judgment, the judgment became unenforceable.

After a hearing and briefing by the parties, the district judge held that under former I.C. § 32–1204, Kathy had commenced an action or proceeding by filing her complaint on January 13, 1995 and that the income withholding order was part of the 1995 action or proceeding. Thus, the statute of limitations had been tolled and was irrelevant to whether she could collect on the judgment. Additionally, the district judge rejected Robert's argument that because Kathy had not executed on the underlying judgment prior to the youngest child turning twenty-three, I.C. § 5–245 cut off Kathy's ability to execute on her judgment.

## II.

## ANALYSIS

A. **Kathy's complaint was not an "action or proceeding" to collect child support under I.C. § 5–245.**

■ The principal issue on appeal is whether a complaint filed to renew a judg-ment for back child support sufficiently commences an action or proceeding to collect child support arrearages under I.C. § 5–245. The standard of review of the lower court's determination on issues of statutory interpretation is one of free review. *State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct. App.1991).

■ Robert argues that under I.C. § 5–245,[1] Kathy did not commence an action or proceeding to collect back child support when she filed her January 13, 1995 complaint. Rather, Robert argues, Kathy was required to execute on the judgment prior to the supported children turning twenty-three in order to commence an action or proceeding in order to be within the statute. Former I.C. § 5–245 states that "[a]n action or proceeding to collect child support arrearages accrued under a support order must be commenced within five (5) years after the child reaches the age of majority or within five (5) years after the child's death, if death occurs before the child reaches majority."[2] The district judge stated that Kathy filed her complaint in reliance on I.C. § 11–105, which allows revival of an old judgment and is considered a proceeding in aid of execution on an old judgment rather than a new suit. However, as the district judge correctly noted, Kathy unnecessarily attempted to renew her child support judgment. Unlike typical judgments, the statute of limitations for child support is not governed by the six year statute of limitations; indeed, the enactment

1. In 1995, the legislature amended I.C. § 5–245. Robert argues that the amended version of I.C. § 5–245 applies to this cause of action. However, when Kathy filed her January 13, 1995 complaint, the 1995 amendment to the statute had not yet taken effect. The statutory amendments took effect on July 1, 1995. Unless expressly stated, statutes should not be construed to be retroactive. *Henderson v. Smith*, 128 Idaho 444, 448, 915 P.2d 6, 10 (1996); *Stonecipher v. Stonecipher*, 131 Idaho 731, 735, 963 P.2d 1168, 1172 (1998). Indeed, this Court cited the principle of retroactivity with regard to the 1995 amendment to I.C. § 5–245 in a case where a show cause order made in a child support proceeding had been filed in March of 1995. We applied former I.C. § 5–245 to the action. *Stonecipher*, 131 Idaho at 735, 963 P.2d at 1172. Accordingly, the 1995 amendments do not apply to this case.

We note that in making its decision, the district judge appears to have incorrectly applied the amended statute to the action. The district judge cited and relied upon the amended statute in making its decision that Kathy's complaint tolled the statute of limitations and allowed her to then execute on her subsequent judgment. However, because the 1995 amendment did not change the portion of the statute at issue in this case, the district judge's error does not effect the Court's analysis on appeal.

2. The 1995 amendment added the following to the end of the statute, "[a]n action or proceeding under this section shall include, but is not limited to, execution on the judgment, order to show cause, garnishment, income withholding, income tax offset or lottery prize offset." I.C. § 5–245 (1998).

of I.C. § 5–245 by the legislature in 1988 "significantly expanded the six year statute of limitation to allow for an action or proceeding to collect child support arrearages accrued under a support order within five years after the child reaches the age of majority." *Stonecipher v. Stonecipher*, 131 Idaho 731, 735, 963 P.2d 1168, 1172 (1998). Despite the district judge's determination that Kathy's attempted renewal was unnecessary, the district judge went on to hold that her attempt at renewal was sufficient to toll the statute of limitations under I.C. § 5–245 and thus, Kathy's judgment would never expire, allowing her to execute on the judgment at any time.

In this case, the district judge improperly interpreted I.C. § 5–245 to provide that Kathy's complaint tolled the statute of limitations. Statutory interpretation begins with an examination of the literal words of the statute. *State ex rel. Lisby v. Lisby*, 126 Idaho 776, 779, 890 P.2d 727, 730 (1995). The language of the statute is to be given its plain, obvious and rational meaning. *Id.* In attempting to discern and implement the intent of the legislature, the Court may seek edification from the statute's legislative history and contemporaneous context at enactment. *Corporation of Presiding Bishop v. Ada County*, 123 Idaho 410, 416, 849 P.2d 83, 89 (1993). However, if statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction. *State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 727, 732, 947 P.2d 400, 405 (1997).

In order to avoid the operation of the statute of limitations, I.C. § 5–245 makes clear that an action or proceeding to *collect* child support must occur before the child turns twenty-three. Although a judgment must exist for collection to occur, the use of the word *collect* illustrates that an action sufficient to avoid the statute of limitation does not include a complaint to renew a judgment because the act of *collecting* necessarily occurs after a judgment has already been obtained. A plain reading of the statute demonstrates that I.C. § 5–245 contemplates an action beyond filing a complaint to renew a judgment.

Legislative history also supports our determination that Kathy's complaint was not an "action or proceeding" under I.C. § 5–245. The purpose behind I.C. § 5–245, as this Court noted in *Stonecipher*, was to remove the need for child support judgments to be renewed. The legislature, when writing I.C. § 5–245, intended to extend the viability of judgments and thus increased the term of the judgment to a child's twenty-third birthday. *Stonecipher*, 131 Idaho at 735 & n. 2, 963 P.2d at 1172 & n. 2. Therefore, an action or proceeding to collect would necessarily mean something beyond filing a complaint to renew judgment because the legislature intended that I.C. § 5–245 remove the need to do that very thing. Therefore, when Kathy unnecessarily attempted to renew her judgment and did not collect on the judgment before her children turned twenty-three, she did not commence "an action or proceeding" to collect back child support under I.C. § 5–245.

In sum, we hold that the district judge incorrectly interpreted I.C. § 5–245 to include a complaint for renewal of judgment for past child support arrearages as an action or proceeding to collect past child support obligations. Accordingly, Kathy's November 5, 1997 attempt at execution was not within the statute of limitations. We therefore reverse the district judge's denial of Robert's motions.

**B. Because Kathy is not the prevailing party, she is not entitled to attorney fees on appeal.**

Kathy argues that because Robert failed to support his minor children and because Robert consistently challenged Kathy's attempts to enforce the judgments against Robert, she is entitled to attorney fees. Kathy asserts her right to attorney fees under I.C. § § 12–121 and 32–704.

An award of attorney fees under I.C. § 12–121 is appropriate where the Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Durant v. Christensen*, 117 Idaho 70, 74, 785 P.2d 634, 638 (1990) (citing *Minich v. Gem*

*State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979)). Because Kathy is not the prevailing party in this appeal, she is not entitled to attorney fees under I.C. § 12–121.

Kathy also argues that she is entitled to attorney fees pursuant to I.C. § 32–704. Subsection three of I.C. § 32–704 states that:

> The court may from time to time after considering the financial resources of both parties and the factors set forth in section 32–705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees. . . .

Although a request for attorney fees and costs may be made in an original application to this Court, it is our policy to leave to the trial court "the making and enforcing of all orders necessary to provide the wife with the means of prosecuting or defending on appeal . . . and to exercise [our] original jurisdiction only upon a showing that such action is necessary to the exercise of [our] appellate jurisdiction." *Wilson v. Wilson,* 131 Idaho 533, 537, 960 P.2d 1262, 1266 (1998) (quoting *Brashear v. Brashear,* 71 Idaho 158, 165, 228 P.2d 243, 247 (1951)). Accordingly, because Kathy did not seek an order from the district judge requiring Robert to pay her attorney fees on appeal, we will not award Kathy attorney fees unless such an award is necessary to the exercise of our appellate jurisdiction. In this case, Kathy has been able to defend Robert's appeal up to this point. We thus find that an award of attorney fees on appeal is not necessary to the exercise of our appellate jurisdiction. Therefore, we will not award attorney fees to Kathy under I.C. § 32–704.

## III.

## CONCLUSION

The district court's order denying Robert's Motion to Determine Judgment Unenforceable and Motion for Ex Parte Order Quashing Immediate Income Withholding Order is reversed. Costs on appeal are awarded to Robert. No fees to either party on appeal.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL, concur.