76 P.3d 951

Marty Mark **ROBISON** and Anzhelika Robison, individually and as a marital community, Plaintiffs–Appellants,

v.

**BATEMAN–HALL, INC.,** an Idaho corporation, Fred Meyer Stores, Inc., a Delaware Corporation, Defendants–Respondents,

and

Shilo Automatic Sprinklers, Inc., Defendant.

Bateman–Hall, Inc., an Idaho corporation, Cross Claimant– Third Party Plaintiff,

v.

Shilo Automatic Sprinklers, Inc., Cross Defendant,

and

Thomas D. Robison, Roofing, Inc., Third–Party Defendant.

No. 28349.

Supreme Court of Idaho, Boise, March 2003 Term.

July 18, 2003.

Rehearing Denied Sept. 15, 2003.

208

Holland & Hart, Boise, for appellants. Walter H. Bithell argued.

Anderson, Nelson, Hall, Smith, Idaho Falls, for respondents. Blake Hall argued.

TROUT, Chief Justice.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a claim for personal injury asserted against a property owner and a general contractor. Fred Meyer Stores (Fred Meyer) owned a partially vacated strip mall in Pocatello, Idaho. Fred Meyer contracted with general contractor, Bateman–Hall, Inc. (Bateman–Hall), to build a second building on the site. Bateman–Hall, in turn, contracted with Plaintiff Marty Robison's direct employer, Thomas D. Robison Roofing, Inc. (Robison Roofing), to perform the roofing work on the project. On September 1, 1999, Robison, while attempting to access the roof on the Fred Meyer construction site, hit his head on a sprinkler pipe and fell 15 to 18

feet, landing on a concrete floor. As a result of the fall, Robison was seriously injured.

Robison filed a worker's compensation claim against Robison Roofing, which paid all of Robison's worker's compensation benefits. Subsequently, Robison filed this third-party negligence action against Fred Meyer, Bateman–Hall, and Shilo Automatic Sprinklers. Fred Meyer and Bateman–Hall responded with a motion for summary judgment, stating the claims against Fred Meyer and Bateman–Hall should be dismissed since both parties were immune from third-party tort liability pursuant to Idaho Code § 72–223.

The district judge allowed the parties to conduct some limited discovery regarding whether Fred Meyer and Bateman–Hall were "statutory employers" and, following a hearing on the summary judgment motion, the district judge issued his decision in favor of Fred Meyer and Bateman–Hall. The district judge determined that (1) the 1996 amendments to I.C. § 72–223 eliminated this Court's statutory employer analysis, (2) Fred Meyer was immune from third-party liability, because it owned the property, and (3) Bateman–Hall was immune from liability as a general contractor. Robison appeals.

## II.

### STANDARD OF REVIEW

This Court's review of a trial court's ruling on a motion for summary judgment is the same standard used by the trial court in originally ruling on the motion. *Sun Valley v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 3, 981 P.2d 236, 238 (1999) (citing *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994)). Pursuant to I.R.C.P. 56(c), summary judgment must be entered when "the pleadings depositions, and admissions on file, together with the affida-

vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This Court liberally construes the record in favor of the party opposing the motion for summary judgment and draws any reasonable inferences and conclusions in that party's favor. *Id.* at 4, 981 P.2d at 239 (citing *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 869 P.2d 1365 (1994)). If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review. *Farm Credit Bank of Spokane*, 125 Idaho at 272, 869 P.2d at 1367.

## III.

### DISCUSSION

This case requires this Court to consider the third-party tort immunity provided under I.C. § 72–223 of the Idaho Workers Compensation Act (Act). In general, the Act provides employees a definite remedy for injuries arising out of and in the course of employment. I.C. § 72–201.[1] However, while providing "sure and certain relief" to workers, the Act also limits the liability of employers. I.C. § 72–209(1)[2]; I.C. § 72–211.[3] The exclusive nature of the worker's compensation remedy is referred to as the exclusive remedy rule.

I.C. § 72–223 provides a limited exception to the exclusive remedy rule. Under I.C. § 72–223, an individual's right to receive worker's compensation benefits does not preclude that individual from bringing a civil action for damages against a "third party." The statute provides:

[t]he right to compensation under this law shall not be affected by the fact that the

---

1. "[S]ure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as is otherwise provided in this act." I.C. § 72–201.

2. "Subject to the provisions of section 72–223, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, spouse, dependents, heirs, legal representatives, or assigns." I.C. § 72–209(1).

3. "Subject to the provisions of section 72–223, the rights and remedies herein granted to an employee on account of an injury or occupation disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease." I.C. § 72–211.

injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party.

I.C. § 72–223(1). However, the Act clearly excludes certain parties from third-party liability.

Such third party liability shall not include [1] those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code; nor include [2] the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed.

I.C. § 72–223(1). With regard to injuries arising from the tortious acts of these immune third parties, worker's compensation benefits are the exclusive remedy. The central issue in this case is whether the district judge correctly determined Fred Meyer and Bateman–Hall are immune from third-party tort liability pursuant to I.C. § 72–223.

The first question on appeal is whether the district judge should have applied this Court's "statutory employer" analysis to this particular provision of the Act. Second, Robison asks this Court to consider whether the district judge erred in holding I.C. § 72–223 rendered Fred Meyer and Bateman–Hall immune from third-party liability. Third, Robison asks this Court to consider whether granting immunity based on contingent liability violates the equal protection clauses of the federal and state constitutions. For reasons set forth below, this Court holds: (1) the "statutory employer" analysis applies to I.C. § 72–223; (2) in applying the correct legal analysis, immunity is lawfully granted to Bateman–Hall but not to Fred Meyer; and (3) the district judge did not err in dismissing Robison's alleged equal protection claim.

## A. *Statutory Employer Analysis*

■ The interpretation of a statute is a question of law over which this Court exercises *de novo* review. *V–1 Oil Co. v. Idaho State Tax Com'n,* 134 Idaho 716, 718, 9 P.3d 519, 521 (2000). The objective of statutory interpretation is to derive legislative intent. *Albee v. Judy,* 136 Idaho 226, 230, 31 P.3d 248, 252 (2001). Legislative intent begins with the literal language of the statute. *Id.* at 231, 31 P.3d at 253. To determine the meaning of a statute, the Court applies the plain and ordinary meaning of the terms and, where possible, every word, clause and sentence should be given effect. *Rife v. Long,* 127 Idaho 841, 848, 908 P.2d 143, 153 (1995); *In re Permit No. 36–7200,* 121 Idaho 819, 822, 828 P.2d 848, 851 (1992). Where the language of a statute is unambiguous, there is no need to consult extrinsic evidence. *City of Sun Valley v. Sun Valley Co.,* 123 Idaho 665, 667, 851 P.2d 961, 963 (1993).

Robison argues the district judge erred in holding, "[t]he 1996 amendment to Idaho Code § 72–223 eliminates any need for making a determination of whether a third party is a statutory employer." The district judge concluded it is unnecessary to consider this Court's statutory employer analysis, because I.C. § 72–223 clearly and unambiguously "excludes employers described in Idaho Code § 72–216 and owners and lessees of premises."

■ This Court holds the district judge's interpretation of § 72–223 is in error. The plain language of I.C. § 72–223 refers to the term "employer," which has a specific definition under the Act. For at least the last 60 years, this Court has interpreted this statutory definition and has developed significant case law to help give the term meaning. *See, e.g., Jones v. Packer John Mines Corp.,* 60 Idaho 653, 95 P.2d 572, 573 (1939) (examining whether owner was employer for purposes of worker's compensation coverage). As this Court has explained, this statutory definition of employer is "an expanded definition designed to prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others who may be irresponsible and not insure their employees." *Harpole v. State,* 131 Idaho 437, 440, 958 P.2d 594, 597 (1998). Thus, a statutory employer is anyone who, by contracting or subcontracting out services, is

liable to pay worker's compensation benefits if the direct employer does not pay those benefits. I.C. § 72–216(1), (2). *See also, Struhs v. Protection Technologies, Inc.,* 133 Idaho 715, 719, 992 P.2d 164, 168 (1999). The case law surrounding the definition of the term "employer" is what the Court refers to as the statutory employer analysis. Because the legislature used the identical language from the statutory definition when crafting third-party tort immunity under I.C. § 72–223, this Court determines the statutory employer analysis is a necessary tool in determining the meaning and scope of I.C. § 72–223.

Prior to 1996, I.C. § 72–223 provided for third-party tort liability and specifically *included* certain statutory employers. "Such third party shall include those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code." However, following the 1996 amendments, the statute *exempts* from liability (1) "those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code"[4] and (2) "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed." I.C. § 72–223.

This new language is substantially similar to the statutory definition of "employer," which includes:

> Any person who has expressly or impliedly hired or contracted the services of another. It includes contractors and subcontractors. It includes **the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed.**

I.C. § 72–102(12)(a) (emphasis added).

Thus, the main difference resulting from the 1996 amendment is the legislature has excluded from third-party tort liability two classes of employers, using substantially the same language used in the statutory definition of "employer." This Court determines, as a matter of law, that in so doing, the legislature intended to import the statutory employer analysis. The result of such a definition is a logical symmetry: those parties deemed employers for the purpose of being liable for worker's compensation benefits under I.C. § 72–102 are the same parties deemed immune from third-party tort liability under I.C. § 72–223. To hold otherwise would result in two different interpretations of the same terms in two different provisions of the Act. Such a result is incongruous and nonsensical. Fundamentally, if the legislature had intended I.C. § 72–223 to provide broader immunity, then it could have used language different from that used in I.C. § 72–102 and the definition of "employer."

It is important to note the district judge believed he was applying the plain meaning of I.C. § 72–223. Further, an isolated reading of I.C. § 72–223 supports the district judge's conclusion. However, I.C. § 72–223 does not exist in isolation. Rather, it is part of the Act and should be interpreted *in pari materia* with other provisions of that Act. *See, e.g. State v. Barnes,* 133 Idaho 378, 382, 987 P.2d 290, 294 (1999) (holding *in pari materia* means each legislative act is to be interpreted with other acts relating to the same matter or subject all of which should be considered together as one system governed by one spirit and policy). There is an applicable statutory definition and well-established case law surrounding the terms used, which should be employed in determining the statute's "plain meaning." However, this does not necessarily mean the statute is ambiguous. To the contrary, this Court finds the meaning of I.C. § 72–223 is clear and unam-

---

4. I.C. § 72–216 provides, "An employer subject to the provisions of this law shall be liable for compensation to an employee of a contractor or subcontractor under him who has not complied with the provisions of section 72–301 in any case where such an employer would have been liable for compensation if such employee had been working directly for such employer."

biguous considering the Act as a whole, including all definitions and relevant case law.

Relevant rules of statutory construction indicate, first, the Court must examine the Act in its entirety, making certain to read the provision in context and applying any statutory definitions provided. *See* I.C. § 72–102 ("Words and terms used in the worker's compensation law, unless the context otherwise requires, are defined in the subsections which follow.") Second, some terms and phrases have developed a specific meaning or subtext resulting from years of consistent judicial interpretation and "[t]his Court assumes the Legislature has full knowledge of this existing judicial interpretation when it amends a statute." *State v. Martinez,* 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App. 1995). Third, this Court has held "[t]he legislature is presumed not to intend to overturn long established principles of law unless an intention to do so plainly appears by express declaration or the language employed admits no other construction." *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). Thus, given the statutory definition of "employer," the fact this term and its applicable definition were imported almost word-for-word into I.C. § 72–223, and there is no indication within the Act that the legislature intended to overturn years of relevant case law, the statutory employer analysis should be used when determining the plain meaning of I.C. § 72–223.

## B. *Fred Meyer Liability as a Property Owner*

■ In his decision, the district judge determined, "Fred Meyer is the owner or lessee of these premises. There is no evidence to the contrary. Fred Meyer is therefore excluded from suit by Robison, because Robison received benefits from Worker's Compensation Insurance." Robison argues this determination was in error, because property ownership alone does not provide immunity under the statutory employer analysis.

As a result of the 1996 amendments, I.C. § 72–223 specifically exempts from tort liability "[T]he owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an inde-

pendent contractor or for any other reason, is not the direct employer of the workmen there employed." I.C. § 72–223. This language mirrors that used in the statutory definition of the term "employer," which specifically "includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed." I.C. § 72–102(12)(a).

■ In interpreting the definitional use of these terms, this Court has explained, "A statutory employer does not include the mere owner of the premises, unless the owner is also the virtual proprietor or operator of the business there carried on." *Harpole v. State,* 131 Idaho at 440, 958 P.2d at 597. To determine who is a virtual proprietor or operator, the Court must consider whether the work being done pertains to the business, trade, or occupation of the owner or proprietor and whether such business, trade, or occupation is being carried on by it for pecuniary gain. *Id.* "Generally, to find a business or person to be a statutory employer, the work being carried out by the independent contractor on the owner or proprietor's premises must have been the type that could have been carried out by employees of the owner or proprietor in the course of its usual trade or business." *Id.* In short, "if a person is normally equipped with manpower and tools to do a job and nevertheless contracts it to another employer, he is the statutory employer of the second employer's employees." *Id.* (quotations omitted.)

Applying this analysis to Fred Meyer, it is clear Fred Meyer is not a statutory employer; therefore, it is not exempt from liability under I.C. § 72–223. The undisputed facts demonstrate Fred Meyer is in the business of the retail sale of merchandise. As admitted in discovery, Fred Meyer is not in the business of construction or roof installation. Further, Fred Meyer did not employ individuals who were trained in building construction or roof installation, nor did it own materials or equipment necessary to engage in building construction or roof installation.

In light of these facts, and applying the analysis set forth in *Harpole*, Fred Meyer is not "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on" within the meaning of the Act. Therefore, the district judge erred in holding Fred Meyer immune from third-party tort liability.

## C. *Bateman–Hall Liability as a General Contractor*

█ The district judge determined Bateman–Hall was immune from third-party tort liability as an employer "described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code." I.C. § 72–223. The district judge looked to the plain language of I.C. § 72–216 and determined, "There is no question that Bateman–Hall is a third party described in Idaho Code § 72–216."

█ Robison argues the contractual relationship alone does not provide immunity under the statutory employer analysis. Robison argues, under applicable case law, not all those who contract or subcontract work will be considered employers for the purposes of the Act. Instead, the test is similar to that used to determine whether the owner or lessee of premises is a statutory employer. The Court must determine whether the work being carried out by the independent contractor was of the type that could have been carried out by the alleged statutory employer in the course of its usual trade or business. *Adam v. Titan Equipment Supply Corp.*, 93 Idaho 644, 646, 470 P.2d 409, 411 (1970). Thus, "if a person is normally equipped with manpower and tools to do a job and nevertheless contracts it to another employer, he is the statutory employer of the second employer's employees." *Id.* Applying this test to the undisputed facts, Robison argues Bateman–Hall does not enjoy third-party tort immunity, because Bateman–Hall is not involved in roofing as a regular and predictable part of the work done by its own employees and is not normally equipped with the manpower, equipment, and tools necessary to do roofing work.

This Court finds Robison's argument unpersuasive. I.C. § 72–216 provides:

"An employer subject to the provisions of this law shall be liable for compensation to an employee of a contractor or subcontractor under him who has not complied with the provisions of section 72–301 in any case where such an employer would have been liable for compensation if such employee had been working directly for such employer."

I.C. § 72–216(1). Further, the statutory definition of "employer" includes "[a]ny person who has expressly or impliedly hired or contracted the services of another. It includes contractors and subcontractors." I.C. § 72–102(12)(a).

While Robison's statutory analysis of Fred Meyer, as the owner of the property where the accident occurred, appears consistent with applicable case law, Robison's suggested analysis regarding Bateman–Hall as the general contractor does not appear consistent with applicable case law. There are a number of recent cases addressing the scope of statutory employer liability without considering the nature of the business being contracted in relation to the nature of the contracting party's business. *See, e.g., Struhs v. Protection Technologies, Inc.*, 133 Idaho at 719, 992 P.2d at 168 (holding the federal agency responsible for the contract the statutory employer); *Spencer v. Allpress Logging, Inc.*, 134 Idaho 856, 860, 11 P.3d 475, 479 (2000) (holding lumber mill purchasing lumber a statutory employer of an employee of a logging contractor); and *Dewey v. Merrill*, 124 Idaho 201, 203, 858 P.2d 740, 742 (1993) (holding a pharmacist acting as his own general contractor for the purpose of building his own house an "employer" within the meaning of the Act). In these cases, the contract itself, including identifying the specific contracting parties, is of primary import.

Further, in all of the cases supporting Robison's analytical framework, this Court considered the liability of "the owner or lessee of premises, or other person, who is virtually the proprietor or operator of the business there carried on." I.C. § 72–102(12)(a). *See, e.g., Harpole v. State*, 131 Idaho at 440, 958 P.2d at 597 (applying statutory employer analysis to determine status of State, where worker sustained injury during logging operations performed under contract where State sold timber rights on state-

owned property to logging company that employed worker); *Jones v. Packer John Mines Corp.*, 60 Idaho 653, 95 P.2d 572 (1939) (applying statutory employer analysis to determine status of salvage company with "complete control over access to [the] site" and "in exclusive possession of the premises"); *Adam v. Titan Equip. Supply Corp.*, 93 Idaho at 646, 470 P.2d at 411 (applying statutory employer analysis to determine status of corporation owning land being mined for silver ore). Because these cases address the scope of an owner's liability, they support Robison's statutory employer analysis as applied to Fred Meyer; however, they lend little support for Robison's argument regarding Bateman–Hall.

Applying the more limited test to owners as opposed to subcontractors is supported by the express language and general purpose of the Act. Under the express terms of the statute, an owner (or lessee) is not liable as an employer unless deemed "virtually the proprietor or operator of the business there carried on." I.C. §§ 72–102(12)(a) and 72–223. In contrast, a contractor or subcontractor is liable based on this contractual status alone.[5] Moreover, the purpose of the Act and the expanded definition of employer, was "designed to prevent an employer from avoiding liability under the worker's compensation statutes by subcontracting work to others who may be irresponsible and not insure their employees." *Runcorn v. Shearer Lumber Products, Inc.*, 107 Idaho at 393, 690 P.2d at 328 (quotations omitted). From a common sense view, a property owner often hires parties who have employees to perform work on the property. Hiring such contractors or subcontractors does not necessarily demonstrate an effort to avoid worker's compensation liability. However, where that owner is engaged in the same type of business as the contractor or subcontractor, it makes more sense to consider the owner's attempt to circumvent worker's compensation liability. For these reasons, it makes sense to have a rule that limits a property owner's liability under the statutory concept

of "employer," while interpreting the contractor or subcontractor's liability more broadly. Thus, the district judge correctly determined Bateman–Hall is immune from third-party tort liability pursuant to I.C. § 72–223, as a general contractor.

### D. *Equal Protection Analysis*

█ Robison argues the district judge's interpretation of I.C. § 72–223 violates the equal protection clauses of the state and federal constitutions. According to Robison, statutory employer status alone, without actually paying premiums for Robison's benefit, is insufficient to establish immunity. Further, to the extent I.C. § 72–223 grants immunity to a statutory employer based only on contingent, secondary liability, I.C. § 72–223 violates the equal protection clauses of the state and federal constitutions.

█ Legislative acts are generally presumed constitutional and any doubt concerning interpretation of a statute is to be resolved in favor of that which renders the statute constitutional. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 261, 954 P.2d 676, 679 (1998). Thus the burden of overcoming the presumption of the statute's validity rests with Robison. *Id.*

█ In addressing an alleged equal protection violation, the Court must first, identify the classification being challenged and second, determine the constitutional standard of review. *Id.* Constitutional challenges to worker's compensation statutes are subject to a rational basis analysis. *Phinney v. Shoshone Medical Ctr.*, 131 Idaho 529, 533, 960 P.2d 1258, 1262 (1998). "Under either the United States Constitution or the Idaho Constitution, a classification will survive rational basis analysis if the classification is rationally related to a legitimate government purpose." *Id.*

The central problem with Robison's analysis of this equal protection issue is there is no attempt to clearly identify to the Court the

---

**5.** I.C. § 72–102(12)(a) provides an "employer" means, "any person who has expressly or impliedly hired or contracted the services of another. [1] It includes contractors and subcontractors. [2] It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed."

classification challenged. In addition, the four cases cited in support of Robison's position do not mention the equal protection clause. *See Fonseca v. Pacific Constr. Co., Ltd.*, 54 Haw. 578, 513 P.2d 156 (1973); *Meiggs v. Associated Builders, Inc.*, 545 A.2d 631, 637 (D.C.Ct.App. 1988); *Ryan v. New Bedford Cordage Co.*, 421 F.Supp. 794, 797 (D.Vt. 1976); *Andrews v. Robinson Steel Constr. Co.*, 355 S.W.2d 890, 892 (Mo. 1962). Rather than challenging the rationality of the classification, Robison appears to challenge the rationality of the entire statutory scheme. Such a challenge is not appropriately considered an equal protection challenge. For these reasons, the Court will not consider Robison's argument on appeal.

## IV.

## CONCLUSION

This Court affirms in part and reverses in part the district judge's decision, holding (1) the Court's statutory employer analysis applies to an interpretation of I.C. § 72–223; (2) Fred Meyer is not immune from third-party tort liability; (3) Bateman–Hall is a statutory employer immune from third-party tort liability; and (4) there is no basis for an equal protection challenge here. Given the result, we do not award costs on appeal.

Justices WALTERS and EISMANN, concur.

Justice KIDWELL, DISSENTING.

Rather than applying a plain language approach, or employing tools of statutory construction in an effort to reach the Legislature's intent, the majority opinion reads I.C. § 72–223 as if it were defined by earlier, pre-amendment judicial opinions that fail to consider the current plain language of the statute. Reading § 72–223 in such a manner is contrary to the Legislature's intent. Therefore, I respectfully dissent.

Prior to 1996, I.C. § 72–223(1) read:

The right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party. Such third party shall

include those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code.

In 1996 the Legislature amended section 72–223(1) to read:

The right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party. Such third party shall *not* include those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code; *nor include the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed.*

(Emphasis added.) This Court has not previously had the opportunity to consider third party liability under the 1996 amendments to section 72–223(1). In this instance, whether Fred Meyer or Bateman–Hall may be liable to the Robisons on a theory of third-party liability turns on statutory application and/or construction.

Where the language of a statute is clear, this Court need only apply the statutory language to the facts at hand. *Jen–Rath Co., Inc., v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002) (citing *Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 571, 21 P.3d 890, 893 (2001)). If statutory language is reasonably susceptible to more than one construction, it is ambiguous. When a statute is ambiguous, this Court may seek guidance from the legislative history in order to ascertain and implement the Legislature's intent. *Thomas v. Worthington*, 132 Idaho 825, 829, 979 P.2d 1183, 1187 (1999) (citing *Corp. of Presiding Bishop v. Ada County*, 123 Idaho 410, 416, 849 P.2d 83, 89 (1993)). Whenever this Court must apply or construe

a statute, however, it should begin with the literal words of the statute, and its "plain, obvious, and rational meaning." *Jen–Rath Co., Inc.,* 137 Idaho at 335, 48 P.3d at 664.

Applying the aforementioned principles of statute application, the district court correctly found that the undisputed facts show Fred Meyer is the owner or lessee of these premises. Thus, Fred Meyer is excluded from suit by Robison pursuant to the plain language of I.C. § 72–223(1) which excludes third party liability for "owners or lessee[s] of premises ...." Furthermore, the undisputed facts show that Bateman–Hall is an employer that "would have been liable for [Robison's] compensation if [Robison] had been working directly for [Bateman–Hall]." I.C. § 72–216. Because Bateman–Hall is an employer described in 72–216 and Robison's direct employer, Robison Roofing, complied with worker's compensation law and compensated Robison, Bateman–Hall is excluded from third-party liability under the plain language of I.C. § 72–223(1) when the language is given its "plain, obvious, and rational meaning." *Jen–Rath Co., Inc.,* 137 Idaho at 335, 48 P.3d at 664.

Even if the plain language of I.C. § 72–223 were found ambiguous, the legislative history clearly shows that the Legislature intended the 1996 amendments to exclude parties such as Fred Meyer and Bateman–Hall from third-party liability. As noted by the district court, the Statement of Purpose accompanying introduction of the amendments states that "an employer who has contractors or subcontractors under him who have worker's compensation insurance will not be subject to suit by an employee of the contractor or subcontractor. Also, exempt from suit will be the owner or lessee of premises ...."

The plain language of the 1996 amendments to I.C. § 72–223 and Statement of Purpose show, quite clearly, the purpose of the amendment was limiting liability of property owners such as Fred Meyer and contractors like Bateman–Hall. This Court should not obscure the Legislature's intent of I.C. § 72–223 by overlooking the section's plain language. Instead, this Court should seek to implement the Legislature's purpose. The plain language of I.C. § 72–223, and its legislative history, applied to the undisputed facts in the record show that Fred Meyer

and Bateman–Hall are exempt from liability to Robison and entitled to judgment as a matter of law. Therefore, I would affirm the judgment of the district court.

Justice SCHROEDER, concurs in dissent.